# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY, AND SPRINGFIELD MUSEUM OF ART,** | No. 3:21-cv-00344-MJN-SLO |
| **Plaintiffs,** | Judge Michael J. Newman<br>Magistrate Judge Sharon L. Ovington |
| vs. | |
| **ANDY ROCK F.A.S., LLC, a/k/a ANDY ROCK –FAS, LLC, a/k/a ANDY ROCK FINE ART SERVICES, LLC; CADOGAN TATE a/k/a CADOGAN TATE NEW YORK LIMITED; DIETL INTERNATIONAL; AND JOHN DOE(S),** | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CADOGAN TATE NEW YORK LIMITED** |
| **Defendants.** | |

**COMES NOW**, defendant Cadogan Tate New York Limited (hereinafter "CTNY"),[1] by and through its undersigned counsel and submits this Answer and Affirmative Defenses to the Complaint (Dkt. 1-3 at p. 9-17) filed by plaintiffs Cincinnati Insurance Company and Springfield Museum of Art (collectively "Plaintiffs"), and states as follows:

## PARTIES

1. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

---

[1] CTNY is improperly identified in the Complaint as "Cadogan Tate aka Cadogan Tate New York Limited". All answers herein pertain exclusively as to CTNY and no other entity, whether within the Cadogan Tate Group or otherwise.

2. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

3. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

4. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

5. Admitted as to CTNY (as defined herein).

6. Admitted as to CTNY (as defined herein).

7. After reasonable investigation, CTNY admits only that it was engaged by Dietl to perform transportation services.  CTNY lacks sufficient knowledge or information to form a belief about the remaining allegations appearing in this paragraph; therefore these allegations are denied.

8. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

9. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

**Jurisdiction**

10. The allegations of this paragraph are legal conclusions to which no response is required. Any factual allegations stated or implied therein are denied.

**Facts**

11. After reasonable investigation, CTNY admits only that it was engaged by Dietl to perform transportation services for a crate, as set forth in Exhibit B to the Complaint. CTNY lacks sufficient knowledge or information to form a belief about the remaining allegations appearing in this paragraph; therefore these allegations are denied.

12. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

13. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

14. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

15. The allegations of this paragraph are legal conclusions to which no response is required. Any factual allegations stated or implied therein are denied.

16. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

17. CTNY specifically denies receiving a notice of claim from Springfield Museum. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the remaining allegations appearing in this paragraph and/or these allegations contain conclusions of law to which no response is required; therefore these allegations are denied.

18. The allegations of this paragraph are legal conclusions to which no response is required. Any factual allegations stated or implied therein are denied.

19. The allegations of this paragraph are legal conclusions to which no response is required. Any factual allegations stated or implied therein are denied.

20. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph and/or these allegations contain conclusions of law to which no response is required; therefore these allegations are denied.

21. The allegations of this paragraph are legal conclusions to which no response is required. Any factual allegations stated or implied therein are denied.

## Count I – 49 U.S.C. § 14706

22. This is an incorporation paragraph that does not require an independent response. To the extent any response is required, CTNY incorporates by reference its forgoing responses to the preceding paragraphs.

23. The allegations of this paragraph are legal conclusions to which no response is required. Any factual allegations stated or implied therein are denied.

24. The allegations of this paragraph are legal conclusions to which no response is required. Any factual allegations stated or implied therein are denied.

## Count II - Negligence

25. This is an incorporation paragraph that does not require an independent response. To the extent any response is required, CTNY incorporates by reference its forgoing responses to the preceding paragraphs.

26. The allegations of this paragraph are legal conclusions to which no response is required. Any factual allegations stated or implied therein are denied.

27. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph and/or these allegations contain conclusions of law to which no response is required; therefore these allegations are denied.

28. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

29. The allegations of this paragraph are legal conclusions to which no response is required. Any factual allegations stated or implied therein are denied.

30. The allegations of this paragraph are legal conclusions to which no response is required. Any factual allegations stated or implied therein are denied.

31. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

32. After reasonable investigation, CTNY lacks sufficient knowledge or information to form a belief about the allegations appearing in this paragraph; therefore these allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint for damages fails as a matter of law to state any ground upon which relief can or should be granted as to CTNY.

### Second Affirmative Defense

Plaintiffs have failed to perform the conditions precedent necessary for the maintenance of this action.

### Third Affirmative Defense

Plaintiffs have failed to mitigate their damages.

### Fourth Affirmative Defense

The occurrence and damages, if any, sustained by Plaintiffs, resulted wholly and solely from the fault, neglect and want of care of Plaintiffs themselves or persons and parties other than CTNY, for whose acts CTNY is not liable or responsible, and was not the result of any negligence, fault, or want of care on the part of CTNY which, faithfully discharged all of its duties.

### Fifth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the principles of waiver, unclean hands, estoppel, and laches.

### Sixth Affirmative Defense

CTNY operates and operated at all times relevant under contractual Terms and Conditions of Service.  Having performed said services consistent with such Terms and Conditions of Service, CTNY is not liable (and/or any such liability is limited in whole or in part) with respect to Plaintiffs' claims as alleged. Additionally, there are certain written notice of claim procedures and time for suit provisions which may not have been complied with providing CTNY with a complete defense to the instant action.

### Seventh Affirmative Defense

Plaintiffs' claims are barred by the economic loss and/or gist of the action doctrines.

### Eighth Affirmative Defense

Plaintiffs may have failed to join necessary and indispensable parties to this action, specifically the owner and/or co-insurers of the subject goods.

**Ninth Affirmative Defense**

To the extent same is contractually applicable, liability limiting terms of any applicable or governing treaty or statute; and same exonerate CTNY wholly or partially.

**Tenth Affirmative Defense**

CTNY asserts improper venue, insufficiency of personal jurisdiction, and forum non conveniens; these defenses include but are not limited to governing forum selection or choice of law provisions set forth in governing terms and conditions.

**Eleventh Affirmative Defense**

Plaintiffs' claims are barred and/or limited by documents issued with respect to the subject shipment including. CTNY claims entitlement to the enforcement and benefit of any exculpatory or liability limiting provision, or any other terms and conditions of transport documents issued by other parties with respect to the instant shipment.

**Twelfth Affirmative Defense**

CTNY states that Plaintiffs are not a true party in interest and/or lack the requisite capacity to sue and thus are not entitled to maintain this action.

**Thirteenth Affirmative Defense**

Plaintiffs failed to provide CTNY with the proper and timely written notice of the claim for the damages alleged.

**Fourteenth Affirmative Defense**

The allegations, claims and transactions alleged in the Complaint are barred by the applicable statute of limitations, release, and/or accord and satisfaction.

**Fifteenth Affirmative Defense**

CTNY states that any damages claimed by Plaintiffs were caused in whole or in part by acts of God, public enemy, or other natural occurrence or disasters beyond the control of CTNY, and that CTNY is therefore exonerated from any liability therefrom.

**Sixteenth Affirmative Defense**

CTNY states that it is not responsible or liable for the action or inaction of any independent contractor.

**Seventeenth Affirmative Defense**

Plaintiffs' claims are barred due to latent defect(s) not discoverable by due diligence in the context of a sealed crate, including insufficient packaging and securement for the normal rigors of transport by motor carrier.

**Eighteenth Affirmative Defense**

CTNY states that Plaintiffs failed to provide proper instructions.

**Nineteenth Affirmative Defense**

CTNY has effectively disclaimed any and all warranties, express or implied.

**Twentieth Affirmative Defense**

Plaintiffs lack standing to sue CTNY.

**Twenty-First Affirmative Defense**

Plaintiffs' negligence claims and all other express or implied common law theories of liability are preempted by 49 U.S.C. § 14706 and other applicable federal law.

**Twenty-Second Affirmative Defense**

If the good(s) were damaged as alleged in the Complaint, which CTNY expressly denies, the damage was caused by or due to improper or insufficient instructions from Plaintiffs or shipper,

insufficiency of packaging, or inadequacy of marks for which CTNY is not liable pursuant to the applicable provisions of the tariffs, contracts of affreightment, and/or other documents for transport issued for the carriage of the shipment or under the applicable provisions of any controlling statutes, conventions, and/or treaties.

### Twenty-Third Affirmative Defense

The movement of the freight at issue was subject to statutory, treaty, tariff, or contractual limitations of liability, and the Plaintiffs may not recover from CTNY in excess of such limitations.

### Twenty-Fourth Affirmative Defense

CTNY asserts that Plaintiffs' claim is barred or reduced in whole or in part based upon setoff of monies owed.

### Twenty-Fifth Affirmative Defense

If there was any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted exclusively from the negligent packing, packaging, stuffing, and/or labeling of the cargo by Plaintiffs and/or their agents. No act or omission of CTNY was the proximate or legal cause of Plaintiffs' damages, if any.

### RESERVATION OF RIGHTS TO SUPPLEMENT DEFENSES

CTNY reserves its right to add those defenses, crossclaims, and counterclaims which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

**WHEREFORE**, CTNY respectfully requests that the instant action be dismissed with prejudice and an award of costs in favor of CTNY, together with any other further relief the Court deems just and proper.

Respectfully submitted this 26th day of January, 2022,

**LUPER NEIDENTHAL & LOGAN**

/s:/ Christopher R. Pettit
Christopher R. Pettit (0069926)
Kyle T. Anderson (0097806)
1160 Dublin Rd, Ste 400
Columbus, OH 43215
T (614) 221-7663 / F (866) 345-4948
cpettit@lnlattorneys.com
kanderson@lnlattorneys.com

**FLASTER GREENBERG, PC**
Christopher J. Merrick
One Tower Bridge
100 Front Street, Ste 100
Conshohocken, PA 19428
T (215) 279-9909 / F (610) 260-4447
chris.merrick@flastergreenberg.com
PA Bar No. 208628 (*pro hac vice motion to be filed*)

*Counsel for Defendant Cadogan Tate a/k/a Cadogan Tate New York Limited*

## **CERTIFICATE OF SERVICE**

In accordance with Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.2, on January 26, 2022, the foregoing Answer and Affirmative Defenses were served upon the below counsel for the parties to this litigation via email and U.S. Mail, postage prepaid.

Matthew M. Schmidt, Esquire
CINCINNATI INSURANCE LEGAL LITIGATION DEPARTMENT
P.O. Box 145496
Cincinnati, OH 45250
Matt_Schmidt@staffdefense.com
*Counsel for Plaintiffs*

Michael S. McDaniel, Esquire
Mark P. Estrella, Esquire
THE LAW OFFICES OF COUNTRYMAN & MCDANIEL
Twelfth Floor LAX Airport Center
5901 West Century Boulevard
Los Angeles, CA 90045
cargolaw@aol.com
MPEstrella@cargolaw.com
*Counsel for Defendant Dietl International*

Wendy J. Lindstrom, Esquire
Richard E. Lerner, Esquire
MAZZOLA LINDSTROM, LLP
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Richard@mazzolalindstrom.com
wendy@mazzolalindstrom.com
*Counsel for Defendant Andy Rock F.A.S., LLC, a/k/a Andy Rock–FAS, LLC,*
*a/k/a Andy Rock Fine Art Services, LLC*

                                                            **LUPER NEIDENTHAL & LOGAN**

                                                            /s:/ Christopher R. Pettit_____
                                                            Christopher R. Pettit