IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **CINCINNATI INSURANCE COMPANY AND SPRINGFIELD MUSEUM OF ART** | : | No. 3:21-cv-00344-MJN-SLO |
| | : | **Judge Michael J. Newman**<br>**Magistrate Judge Sharon L. Ovington** |
| **Plaintiffs,** | : | |
| -v- | : | |
| | : | **FIRST AMENDED COMPLAINT** |
| **ANDY ROCK F.A.S., LLC AKA ROCK-FAS, LLC AKA ANDY ROCK FINE ART SERVICES, LLC;** | : | |
| **CADOGAN TATE AKA CADOGAN TATE NEW YORK LIMITED;** | : | |
| **DIETL INTERNATIONAL; AND JOHN DOE(S)** | : | |
| **Defendants.** | : | |
| | :: | |

Now come Plaintiffs, Cincinnati Insurance Company and Springfield Museum of Art ("Plaintiffs"), by and through Counsel, and for their First Amended Complaint state as follows:

## PARTIES

1. Plaintiff, Cincinnati Insurance Company (hereinafter "CIC"), is duly authorized to sell insurance in the State of Ohio, and at all times hereinafter, had in full force and effect a policy of insurance issued to Springfield Museum of Art. A copy of this insurance policy is not attached due to its voluminous nature but will be produced during discovery.

2. Springfield Museum of Art (hereinafter "Springfield Museum" or "Insured"), is non-profit corporation located in Clark County at 107 Cliff Park Road, Springfield, Ohio 45501.

3. Upon information and belief, Defendant, Andy Rock F.A.S., LLC aka Rock-FAS, LLC aka Andy Rock Fine Art Services, LLC. (hereinafter "Andy Rock") is a motor carrier engaged in interstate commerce, authorized by the Federal Motor Carrier Safety Administration ("FMCSA") to transport property throughout the 48 contiguous United States.

4. Upon information and belief, defendant, Andy Rock has its principal place of business at 4061 Paradise Road, Seville, Ohio.

5. Upon information and belief, Defendant, Cadogan Tate aka Cadogan Tate New York Limited (hereinafter "Cadogan Tate") is a motor carrier engaged in interstate commerce, authorized by the Federal Motor Carrier Safety Administration ("FMCSA") to transport property throughout the 48 contiguous United States.

6. Upon information and belief, Defendant, Cadogan Tate has its principal place of business at 301 Norman Avenue, Brooklyn, New York 11222.

7. Upon information and belief, Defendant, Dietl International (hereinafter "Dietl") is an agent who arranged the transportation of the Art for the Insured and retained Andy Rock and Cadogan Tate to transport the property.

8. Upon information and belief, Defendant Dietl has its principal place of business at 2500 W. Higgins Road, Suite 600, Hoffman Estates, IL 60169.

9. Despite Plaintiffs' best efforts, the name and address of Defendant John Doe remains unknown. Upon learning the identity of Defendant John Doe, Plaintiffs will amend the Complaint correctly identifying this Defendant. Upon information and belief, this Defendant John Doe is responsible for the damage to Springfield Museum's property as described in this First Amended Complaint and either worked as an agent for the Insured or was responsible for the transportation of the Art.

## JURISDICTION AND VENUE

10. Jurisdiction and venue are proper as Defendants entered into an Agreement with the Springfield Museum, which is located in Ohio, and the amount in controversy exceeds $15,000.00 exclusive of interests and costs. Therefore, the Agreements and this case are controlled and governed by Ohio law.

## FACTS

11. Plaintiffs reaffirm and reallege all allegations contained in the aforementioned paragraphs of the First Amended Complaint as if fully rewritten herein.

12. This action involves certain property that was damaged while in the care, custody and control of Defendants Andy Rock, Cadogan Tate and/or John Doe.

13. Upon information and belief, Defendants Andy Rock, Cadogan Tate and/or John Doe are in the business of transporting property and goods for hire as a motor carrier in interstate commerce, operating pursuant to a certificate of authority issued by FMCSA.

14. Upon information and belief, Defendant Dietl is in the business of providing freight brokerage and logistical services to customers that desire to ship products and in this case, acted as an agent for Springfield Museum. Plaintiff CIC is not in possession of a signed agreement with Defendant Dietl but is attaching a form copy of the standard agreement that Dietl provides to customers. This standard agreement is attached as Exhibit "1" and incorporated herein.

15. Upon information and belief, Defendant Dietl arranged for Defendants Andy Rock and Cadogan Tate to ship a large crate for Plaintiff Springfield Museum. The crate contained an Art item, including but not limited to, a Yayoi Kusama Pumpkin sculpture (hereinafter "Art") that was on display at the Springfield Museum. The Art was loaned to the Springfield Museum for an exhibit that ran from July 22, 2020 through October 30, 2020.

16. On November 2, 2020, Defendant Andy Rock issued a Bill of Lading to Plaintiff Springfield Museum to ship the Art. Plaintiff CIC is in possession of the front page of the Bill of Lading which is attached as Exhibit "2" and incorporated herein.

17. On November 9, 2020, Defendant Cadogan Tate issued a collection receipt to Plaintiff Springfield Museum to ship the Art. Plaintiff CIC is in possession of the front page of the receipt which is attached as Exhibit "3" and incorporated herein.

18. The Art at issue was tendered to Defendants Andy Rock, Cadogan Tate and/or John Doe in good and acceptable condition.

19. At all times thereafter, the Art was in the care, custody and control of Defendants Andy Rock, Cadogan Tate and/or John Doe.

20. On or about December 9, 2020, Plaintiff Springfield Museum was informed that the crate containing the Art was damaged by Defendants Andy Rock, Cadogan Tate and/or John Doe during shipment. The Art itself was damaged during shipment.

21. Defendants Andy Rock, Cadogan Tate and/or John Doe failed to deliver the Art at issue in good and acceptable condition at the destination, in breach of the contracts of carriage for the shipment.

22. As a direct and proximate result of Defendants Andy Rock, Cadogan Tate and/or John Doe breach of the contracts of carriage, the Insured has sustained damages in the amount of $77,845.00.

23. Defendant Dietl breached the agreement with Plaintiff Springfield Museum, including but not limited to, failing to properly crate and pack the Art and failing to hire reliable and competent motor carriers, that being Defendants Andy Rock, Cadogan Tate and/or John Doe.

24. As a direct and proximate result of Defendant Dietl's breach of contract, the Insured has sustained damages in the amount of $77,845.00.

25. Upon information and belief, the Insured duly filed, in writing, a notice of claim with Defendants Andy Rock, Cadogan Tate and Dietl for the loss and damage that Springfield Museum had, and demanded payment on the loss at issue. The Art had to be repaired due to the Defendants' negligence.

26. Upon information and belief, Defendants Andy Rock, Cadogan Tate and Dietl failed to acknowledge some or all of the Springfield Museum's loss as required by 90 C.F.R. § 370.5.

27. Upon information and belief, Defendants Andy Rock, Cadogan Tate and Dietl failed to decline, pay or offer a written settlement compromise for all of the Springfield Museum's loss as required by 90 C.F.R. § 370.9.

28. As a direct and proximate cause of all of the Defendants' conduct, the Insured incurred damages in the amount of $77,845.00 and pursuant to the terms of the insurance policy, CIC paid to or on behalf of the Insured the sum of $76,845.00.

29. By reason of said payment and pursuant to the terms and conditions of said insurance policy, CIC became subrogated to the rights of the Insured in the preceding amount.

30. At all relevant times within this Complaint, Springfield Museum was insured with CIC. Said policy was subject to a $1,000.00 deductible.

## COUNT ONE- BREACH OF CONTRACT

31. Plaintiffs reaffirm and reallege all allegations contained in the aforementioned paragraphs of the First Amended Complaint as if fully rewritten herein.

32. At the time the Art was tendered to Defendants Andy Rock, Cadogan Tate and/or John Doe, the Art was in good and acceptable condition

33. At all times thereafter, the Art was in the care, custody and control of Defendants Andy Rock, Cadogan Tate and/or John Doe.

34. Defendants Andy Rock, Cadogan Tate and/or John Doe failed to deliver the Art to the destination in good order and condition. Specifically, the Defendants failed to properly handle and refrain from damaging the Art. Therefore, Defendants are in breach of the Agreements.

35. Furthermore, Defendant Dietl breached the agreement with Plaintiff Springfield Museum, including but not limited to, failing to properly crate and pack the Art and failing to hire reliable and competent motor carriers, that being Defendants Andy Rock, Cadogan Tate and/or John Doe.

36. Upon information and belief, Plaintiff Springfield Museum has fully performed all of its duties and obligations under the various Agreements with all of the Defendants.

37. All of the Defendants breached the terms of the various Agreements by failing to deliver the Art as promised in the Agreements and associated shipping documents to which Plaintiff Springfield Museum sustained damages of $77,845.00 and pursuant to the terms of the insurance policy, CIC paid the sum of $76,845.00.

## COUNT TWO – VIOLATION OF CARMACK AMENDMENT

38. Plaintiffs reaffirm and reallege all allegations contained in the aforementioned paragraphs of the Complaint as if fully rewritten herein.

39. At all times relevant hereto, Defendants Andy Rock, Cadogan Tate and/or John Doe were engaged in the business of transporting property and goods for hire as a motor carrier in interstate commerce, pursuant to the FMCSA.

40. By failing to deliver the Art to the shipping destination in the same order and condition as when the Art was received, Defendants Andy Rock, Cadogan Tate and/or John Doe breached, failed and violated their duties and obligations as a motor carrier, for which they are liable under the Carmack Amendment, 49 U.S.C. § 14706, et seq.

41. Defendants Andy Rock, Cadogan Tate and/or John Doe are liable to the Insured for its full, actual damages as a motor carrier under 49 U.S.C. § 14706, et seq.

42. As a direct and proximate cause of Defendants Andy Rock, Cadogan Tate and/or John Doe violation of the Carmack Amendment, the Insured incurred damages in the amount of $77,845.00, and pursuant to the terms of the insurance policy, CIC paid to or on behalf of the Insured the sum of $76,845.00.

43. Upon information and belief, Defendant Dietl is not a motor carrier and acted as an agent in selecting, retaining and/or hiring Defendants Andy Rock, Cadogan Tate and/or John Doe. Therefore, Count Two does not apply to Defendant Dietl based upon information now known to Plaintiffs.

## COUNT THREE-NEGLIGENCE

44. Plaintiffs reaffirm and reallege all allegations contained in the aforementioned paragraphs of the First Amended Complaint as if fully rewritten herein.

45. Defendants Andy Rock, Cadogan Tate and/or John Doe were to deliver the Art in good and acceptable condition to the destination.

46. Defendants Andy Rock, Cadogan Tate and/or John Doe, during shipment, damaged the Art.

47. Upon arrival to the destination, the damage to the Art was discovered and reported to the Insured.

48. Defendants Andy Rock, Cadogan Tate and/or John Doe had a duty to deliver the Art without damage and breached that duty when the Art arrived damaged at the destination.

49. Defendant Dietl, as an agent, had a duty, including but not limited to, to properly secure and pack the Art and to supervise the Defendants Andy Rock, Cadogan Tate and John Doe for the shipment of the Art. Defendant Dietl breached its duty when the Art was damaged by the actions or omissions of Defendants Andy Rock, Cadogan Tate and/or John Does. Defendant Dietl's failure to properly hire and/or retain a responsible shipper and to deliver the Art without damage was the actual and proximate cause of damages.

50. As a direct and proximate result of Defendants' combined negligence, the Insured's property was damaged in the amount of $77,845.00.

51. CIC paid $76,845.00 as a direct and proximate result of Defendants' negligence and takes a right of subrogation. The Insured had a $1,000.00 deductible.

WHEREFORE, Plaintiffs, The Cincinnati Insurance Company and Springfield Museum of Art, demand judgment against Defendants Andy Rock F.A.S., LLC aka Rock-FAS, LLC aka Andy Rock Fine Art Services, LLC, Cadogan Tate aka Cadogan Tate New York Limited, Dietl International and John Doe, jointly and severally, in the amount of $77,845.00, together with interest and costs of suit be taxed against Defendants and for such other and further relief as this Court may deem just and proper in this matter.

Respectfully submitted this 26th day of January, 2022,

/s:/ Matthew M. Schmidt
Matthew M. Schmidt (0072898)
Legal Litigation Department
P.O. Box 145496
Cincinnati, Ohio 45250-5496
(513) 371-7871; (513) 870-2900 Fax
Matt_Schmidt@staffdefense.com
Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

In accordance with Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.2, on January 26, 2022, the foregoing First Amended Complaint was served upon the below counsel for the parties to this litigation via email and U.S. Mail, postage prepaid.

Christopher R. Pettit, Esq.
Kyle T. Anderson, Esq.
1160 Dublin Rd, Ste 400
Columbus Ohio 43215
Cpettit@lnlattorneys.com
kanderson@lnlattorneys.com

and

Christopher J. Merrick, Esq.
One Tower Bridge
100 Front Street, Ste. 100
Conshohocken, PA 19428
Chris.merrick@flastergreenberg.com
*Counsel for Defendant Cadogan Tate aka Cadogan Tate New York Limited*


Michael S. McDaniel, Esq.
Mark P. Estrella, Esq.
Twelfth Floor LAX Airport Center
5901 West Century Blvd.
Los Angeles, CA 90045
cargolaw@aol.com
MPEstrella@cargolaw.com
*Counsel for Defendant Dietl International*

Wendy J. Lindstrom, Esq.
Richard E. Lerner, Esq.
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Richard@mazzolalindstrom.com
Wendy@mazzolalindstrom.com
*Counsel for Defendant Andy Rock F.A.S., LLC aka Andy Rock-FAS, LLC, aka Andy Rock Fine Art Services, LLC*


/s:/ Matthew M. Schmidt
Matthew M. Schmidt (0072898)


Springfield Museum #3747888